IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lionel Valenzuela Pereida,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　　Respondents. | No. CV-13-00244-TUC-RCC (DTF)<br><br>**REPORT AND RECOMMENDATION** |

    Petitioner Lionel Pereida, presently incarcerated at the Arizona State Prison-Eyman, Meadows Unit, in Florence, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. Before the Court are the Petition (Doc. 1), Respondents' Answer (Doc. 10), and Petitioner's Reply (Doc. 12). The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the Petition on the ground that it is time-barred.

## **FACTUAL AND PROCEDURAL BACKGROUND**

    Pereida was convicted in the Superior Court of Cochise County of three counts of sexual assault and one count of sexual conduct with a minor. (Doc. 10, Ex. A at 1.) On May 21, 2009, he was sentenced to prison terms totaling 18.75 years. (*Id*., Ex. C at 1.)

    Petitioner's conviction was affirmed by the Arizona Court of Appeals on May 14, 2010. (*Id*., Ex. A.) He did not seek review in the Arizona Supreme Court. (*Id*., Ex. E.) On July, 19 2010, Petitioner filed a Notice of Post-conviction Relief (PCR), which was

1  denied on the merits on June 10, 2011. (*Id*., Exs. F, I.) The court subsequently granted
2  petitioner an extension until August 9, 2011, to seek review of that denial. (*Id*., Ex. K.)
3  No petition for review ever was filed. (Doc. 10.)

4  Pereida filed his Petition for Writ of Habeas Corpus in this Court on April 10,
5  2013, alleging two claims of ineffective assistance of counsel, and lack of subject-matter
6  jurisdiction. (Doc. 1.)

## DISCUSSION

Respondents argue that all of Petitioner's claims are time-barred because the Petition violates the statute of limitations.

**Statute of Limitations and Statutory Tolling**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

In applying (d)(1)(A), the Court must assess when direct review of Pereida's convictions became final. The Arizona Court of Appeals confirmed his conviction on May 14, 2010, and his judgment became final thirty days later, Ariz. R. Crim. P. 31.19, after his time to seek review in the Arizona Supreme Court expired on June 13, 2010. *See*

*Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) (assessing § 2244 finality in light of the Arizona rules), *cert. denied*, 555 U.S. 829 (2008); *Wixom v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001). Thus, the one-year statute of limitations began to run, absent tolling, on June 14, 2010.

The statute of limitations is tolled during the time a properly filed state PCR application is pending. 28 U.S.C. § 2244(d)(2). Petitioner initiated his PCR proceeding by filing a notice on July 19, 2010, which triggered statutory tolling on that date. *See Isley v. Ariz. Dep't of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) (finding that tolling period begins with filing of notice pursuant to Arizona Rule of Criminal Procedure 32.4(a)). Thirty-five days of the limitations period expired before tolling began. The PCR court denied Pereida's petition for post-conviction relief on June 10, 2011. Normally, his time to seek review would have expired thirty days later, Ariz. R. Crim. P. 31.19, but his Motion for Extension to File Petition for Review in Propria Persona was granted, thereby extended his time to seek review in the Arizona Court of Appeals until August 9, 2011. Pereida did not file a petition for review, therefore, the statute of limitations began to run again on August 10, 2011.

Petitioner did not file his Petition in this Court until April 10, 2013. The Court's remaining task is to calculate the untolled limitations period that elapsed from June 14, 2010, when the State judgment became final, until Petitioner filed his claim on April 10, 2013. S*ee Hemmerle*, 495 F.3d at 1078 (9th Cir. 2007). A total of 644 days of the limitations expired before Petitioner filed in this Court: 35 days before Petitioner filed his PCR petitioner and 609 days from the conclusion of his PCR proceeding to the filing of this federal Petition. The Petition is statutorily time-barred.

**Equitable Tolling**

Pereida contends that he is entitled to equitable tolling. In order for the AEDPA's statute of limitations to be equitably tolled, *Holland v. Florida*, 560 U.S. 631, 645 (2010), the petitioner, who bears the burden of proof, must establish "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). As articulated by the Ninth Circuit, the limitations period may be equitably tolled "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (quoting *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (*en banc*), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003)). The threshold for equitable tolling is very high and it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles*, 187 F.3d at 1107).

Petitioner's first argument for equitable tolling is that a letter he received from the Ninth Circuit Court of Appeals sufficiently excuses the one-year statute of limitations. He contends the letter, dated December 14, 2010, proves his case was ongoing before the state court and the statute of limitations was not running, 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). In the letter, the Ninth Circuit wrote, "*[i]t appears your case is pending in the Superior Court*. We are a court of limited jurisdiction which means in order to file a case in this court, you must appeal from a final appealable judgment or order from the U.S. District Court." (Doc. 12, Ex. I (emphasis added).) The letter does not alter the tolling period as calculated in the above section. *Cf. Carey v. Saffold,* 536 U.S. 214, 223 (2002) (the State courts determine when a case is "pending" for purposes of AEDPA). Moreover, the letter was received from the Ninth Circuit more than four months after the one-year statute of limitations had run. (Doc. 12, Ex. I.) Therefore, it cannot be argued that the letter beguiled Pereida and prevented his timely filing of the Petition. A petitioner diligently pursuing his rights already would have filed his petition with this Court before hearing back from the Ninth Circuit on December 14, 2012. Additionally, federal courts are not responsible for the timely filing of habeas petitions. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("the Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be

attended to by trained counsel as a matter of course.") (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 183-84 (1984)). The letter from the Ninth Circuit does not warrant equitable tolling.

Petitioner next summates that the letter from the Court of Appeals confirmed his belief that his court appointed attorney was still pursuing the exhaustion of all his State court remedies. However, Petitioner does not make the claim that he was misled by his attorney. Assuming, *arguendo*, this is Petitioner's claim, *see Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) (*pro se* habeas filings must be construe liberally), there is no evidence his attorney acted negligently. In fact, the evidence on the record points to the contrary. A letter Petitioner provided from his attorney clarifies that Petitioner received notice of the State court's final decision on June 16, 2011. (Doc. 12, Ex. III.) Moreover, the Ninth Circuit has held that "ordinary attorney negligence will not justify equitable tolling." *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003); *see also Miranda v. Castro*, 292 F.3d 1063. In *Castro*, even though the attorney provided the petitioner with erroneous information about the deadline to file a habeas petition, the Ninth Circuit did not grant equitable tolling. 292 F.3d at 1067. Here, Pereida does not allege he was misled by his attorney. There is no evidence that information, or lack thereof, from his State appointed attorney created an extraordinary circumstance giving rise to equitable tolling.

Petitioner also claims he is entitled to equitable tolling because the prison law library at Meadows Unit is inadequate. A prisoner may be entitled to equitable tolling due to inadequate law library facilities if requisite AEDPA materials are unavailable. *Roy v. Lampert*, 465 F.3d 964, 974 (9th Cir. 2006); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1149 (9th Cir. 2000) (Tashima, J., concurring). Petitioner has not proved that he did not have access to the AEDPA material. Rather, his claim is that the law library contained no law journals to research supporting case law. Petitioner's unfamiliarity with case law does not excuse prompt filing of his habeas petition, *cf. Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a "pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); nor does Petitioner

provide any evidence of what he did to pursue his claims and seek resources before the AEDPA's statute of limitations expired. The "inadequacy" of the prison law library did not prevent Petitioner from filing his Petition on time. This is not a basis for equitable tolling.

Finally, Petitioner claims that he did not receive his complete case file to review and evaluate for errors. Yet, no dates were provided when Petitioner requested the file, what measures he took to remedy the situation, or why this prevented him from complying with the statute of limitations. This information is necessary to determine if a petitioner acted with reasonable diligence. *See Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003). The petitioner bears the burden of proof in these fact-specific inquiries of equitable tolling, *see Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003), and Pereida, with his lack of evidence and conclusory statements, has failed to meet this burden. Petitioner does not establish or present any evidence that he acted with reasonable diligence in pursuing his rights, even if any of the aforestated arguments for extraordinary circumstances caused his petition to be untimely. Accordingly, there is no equitable tolling and the petition is time-barred.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. If objections are

1 filed, the parties should use the following case number: **CV-13-00244-TUC-RCC**.

2 Dated this 11th day of June, 2014.

D. Thomas Ferraro
United States Magistrate Judge