IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lionel Valenzuela Pereida,<br><br>           Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>           Respondents. | No. CV-13-00244-TUC-RCC<br><br>**ORDER** |

Pending before the Court is Petitioner Lionel Valenzuela Pereida's Petition Under § 2254 (Doc. 1) and the June 11, 2014 Report and Recommendation (R & R) (Doc. 15) from Magistrate Judge D. Thomas Ferraro, recommending that this Court dismiss the Petition for Writ of Habeas Corpus. Petitioner timely filed his objection (Doc. 16) to the R & R on June 19, 2014. The Court accepts and adopts Magistrate Judge Ferraro's June 11, 2014 R & R as the findings of fact and conclusions of law of this Court and denies Petitioner's Petition for Writ of Habeas Corpus.

**I.     Background**

The factual and procedural background in this case is thoroughly detailed in Magistrate Judge Ferraro's R & R (Doc. 15). This Court fully incorporates by reference the "Factual and Procedural Background" section of the R & R into this Order.

**II.    Discussion**

The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court

may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). Where the parties object to an R & R "[a] judge of the [district] court shall make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The Court will not disturb a magistrate judge's order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision…is entitled to great deference by the district court." *U.S. v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001).

In his R & R, Magistrate Judge Ferraro finds that Pereida's Petition is statutorily time-barred and that equitable tolling does not apply. Pereida objects to the R & R because he believes that it is argumentative and makes conclusory statements. Pereida argues that Judge Ferraro's statements regarding the timing of the filing of his PCR petition, conclusion of his PCR proceeding, and filing of this federal petition are unsupported. The Court, however, finds that Judge Ferraro's findings are well supported by the facts of this case. Based on the record before the Court, Pereida did not file his Petition in this Court until April 10, 2014– 609 days after the limitations period resumed in August 10, 2011. Even without including the 35 days of time that expired before Petitioner filed his PCR petition, Pereida filed his Petition with this Court well over the one-year statute of limitations period prescribed under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1).

Pereida also objects to Judge Ferraro's finding that the letter from the Ninth Circuit does not excuse the one-year statute of limitations. Even if the language in the letter could be construed to permit tolling, "the letter was received from the Ninth Circuit more than four months after the one-year statute of limitations had run." (Doc. 15, p. 4). Judge Ferraro also concluded that Pereida failed to establish that his attorney acted negligently or that Pereida lacked access to the AEDPA material. This Court agrees.

Pereida provides no evidence that his attorney was negligent in a manner that would warrant equitable tolling. Furthermore, as Judge Ferraro correctly states, "the 'inadequacy' of the prison law library did not prevent Pereida from filing his Petition on time." (Doc. 15, p. 6). Pereida bears the burden of proving that the statute of limitations should be equitably tolled, *Holland v. Florida*, 560 U.S. 631, 645 (2010), and he has failed to meet that burden. Accordingly,

**IT IS HEREBY ORDERED** that:

(1) Magistrate Judge D. Thomas Ferraro's Report and Recommendation (Doc. 15) is **accepted** and **adopted** as the findings of fact and conclusions of law by this Court.

(2) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **denied**, and this action is **dismissed with prejudice**, and the Clerk should enter judgment and close this case.

(3) Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event the Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the court's conclusions and ruling debatable.

DATED this 3rd day of October, 2014.

Raner C. Collins
Chief United States District Judge